Florence S. **WILSON**
v.
The **UNITED STATES.**
No. 866–71.

United States Court of Claims.
Feb. 20, 1974.

Jerry D. Anker, Washington, D. C., attorney of record, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Acting Asst. Atty. Gen. Irving Jaffe, for defendant.

Before DURFEE, Senior Judge, and KASHIWA and BENNETT, Judges.

ON PLAINTIFF'S MOTION AND DE-
FENDANT'S CROSS MOTION
FOR SUMMARY JUDGMENT

PER CURIAM:

This case comes before the court on plaintiff's motion for summary judg-ment, filed May 31, 1973, and defend-ant's cross motion for summary judg-ment, filed September 17, 1973. Upon consideration thereof, together with the responses, stipulations and affidavits thereto, and after oral argument, it ap-pears that plaintiff alleges and claims that the Government's failure to retain her as a kindergarten teacher was, un-der the circumstances of the case, arbi-trary and capricious. The case is before the court on the issue of liability alone. The court concludes that basic factual disputes exist between the parties, most particularly with respect to whether or not the plaintiff was misled to believe she was a fully qualified employee. A further question, which cannot be re-solved on the present state of the record, concerns whether there was an unrea-sonable delay, caused by the Govern-ment, in not informing the plaintiff that she lacked the requisite educational credits for the teaching position.

We note that this court has in the past required the parties to submit fac-tual issues to the fact finder, despite the fact that the case appeared on cross mo-tions for summary judgment. In Jack-son v. United States, 428 F.2d 844, 848, 192 Ct.Cl. 765, 772 (1970), we said:

In view of the foregoing, and fully respecting the wish of the parties to have the case decided on the adminis-trative record, we are unable to hold that there is no genuine issue of ma-terial fact, in view of the record, with respect to whether or not plaintiff was discharged as a reprisal for exer-cising his First Amendment right to petition for redress of grievances. This is the key fact issue in the case and before a decision is possible it must be resolved by trial. * * *

See, also, the order of this court in Western Contracting Corp. v. United States, 198 Ct.Cl. 980 (1972), and Rule 101(d) of the Rules of the United States Court of Claims.

Upon the foregoing, the plaintiff's motion for summary judgment is denied, the defendant's cross motion for summa-ry judgment is denied, and the case is hereby remanded to the trial division of

this court for determination of all the factual and legal issues pertinent to the claim.

BENNETT, Judge (dissenting):

I believe it to be a mistake to remand this case to the Trial Division for the taking of further evidence. It can be decided on the present record. The parties are agreed on this and at oral argument said that they did not want a trial. They said that a trial if held would have to be in Germany, that the expense would be prohibitive, and the delay unreasonable. They also said that at this late date it would probably be impossible to round up the necessary witnesses for testimony on an incident that took place in 1969. The facts are all stipulated. The issue is one of law. Plaintiff alleges that actions taken by the Government in terminating plaintiff's "excepted" appointment, effective June 11, 1969, when her contract expired as a teacher, and in refusing to employ plaintiff for the 1969–70 school year, because she did not have the required 18 hours of credit in professional education, were unlawful, arbitrary and capricious. Plaintiff had been in the teaching position, in Germany, when the school was operated as a nonappropriated fund activity and the 18 hours of credit were not required. Teachers were hired by a private association and were paid by donations and tuition. There were no set qualifications for the positions. When in the middle of the school year the change was made and the school was taken over by the Department of Defense and put under the Army she was continued in her position, by waiver, until the end of the school year but was not rehired because she lacked the credits required for all teachers in the Overseas Dependents Schools operated by DOD. She had no teaching certificate and no courses in education. Plaintiff also contends that had she been given timely notice of the 18-hour requirement that she could have completed it by correspondence and in summer school so that she would have qualified sooner for reappointment. She also says that, in any event, refusal to rehire her despite lack of the required credits was simply wrong, since she had been performing satisfactorily. This is the main foundation for her claim. Defendant says she always knew that she didn't have courses in education on her transcript, that she was not misled, that the regulations were fair, nondiscriminatory, and valid, that plaintiff was given every consideration that the law allowed, and that no court has jurisdiction to interfere with the discretionary authority of the Executive to appoint. The issues are thus clearly drawn.

Plaintiff contested this matter unsuccessfully through formal Army grievance channels. She then earned the credits and after a year away from her position was rehired. She seeks back pay for the lost year for which she had no contract.

All of the facts are before the court either by stipulation or by affidavit. The court desires a trial because there is some conflict in the affidavits (which is routine on motions for summary judgment) which creates some uncertainty about when plaintiff received notice of the 18-hour requirement and that she did not qualify for a new contract.

Plaintiff's reply brief states that "it is unnecessary for the court to attempt to resolve these conflicts in the affidavits." Plaintiff is correct in that the task before the court is to decide a legal issue. The issue may be stated as to whether a statute or regulation was violated by what the Army did and whether in exercising its discretionary functions the Army acted in an illegal manner because it was arbitrary and unreasonable under the agreed facts—or, alternatively, whether plaintiff had any legal right to a new contract with a different party when the old contract expired.

The parties are entitled to a prompt decision but the order of remand denies them that and would put them to added expense and delay to gather evidence they say they cannot produce. They say they are not going to try this case in

Germany since they have no further evidence to offer there or elsewhere. The court, despite its references to whether plaintiff was misled or whether defendant delayed notice, thus seems to leave the parties with the following alternatives: (a) to abandon the claim, (b) to compromise or settle the claim, (c) to take depositions of evidence already stipulated or now in affidavits, or (d) to ask that the trial judge close proof and report the case on the existing record. I do not for one moment question the right of the court to remand a case to the Trial Division to develop facts which are essential, nor even its prerogative not to bite the bullet if it can be otherwise avoided, although I would hope for better reasons than we are given here. I do suggest it is unwise, as here, to give credence to the axiom that "justice delayed is justice denied." I do not pass on the ultimate issues of liability at this stage of the proceedings.